**In re the MARRIAGE OF Judy Christine GRIFFIN and Jon Taylor Griffin.**

**Upon the Petition of Judy Christine Griffin, Petitioner-Appellant,**

**and Concerning Jon Taylor Griffin, Respondent-Appellee.**

No. 83–1291.

Court of Appeals of Iowa.

Sept. 6, 1984.

Patricia A. Shoff, of Davis, Hockenberg, Wine, Brown & Koehn, Des Moines, for petitioner-appellant.

John P. Dollar, of Seery & Dollar, Des Moines, for respondent-appellee.

Considered by SNELL, P.J., and HAYDEN, and SACKETT, JJ.

SACKETT, Judge.

Judy Griffin, respondent wife, appeals from the decree in her dissolution proceedings asserting that the property division was inequitable and based on an erroneous valuation of the husband's interest in closely held family businesses. She also asserts that she should have been awarded attorney fees by the trial court and that she should be awarded attorney fees on appeal. We affirm.

The parties were married 16 years. Both are 38 years of age. They have no children. At the time of the marriage they both were college graduates. After the marriage Judy received an MA in Biology and Jon received a law degree. Judy's graduate degree was financed by a scholarship and assistantship; Jon's law degree was financed with veteran's benefits, a scholarship and assistance from his family. Judy taught during Jon's last year of law school. Her income went to family support.

Judy has taught for the past 14 years. She earns about $25,000 a year. She has a nine-month contract. Jon has practiced law with various firms in the Des Moines area and worked for Job Service of Iowa. He now has an office sharing arrangement with a Des Moines law firm. His earned income from professional pursuits is less than Judy's. Jon projects his 1983 income from the practice of law will not exceed $10,000. Jon has received gifts from his family during the marriage. Aside from a gift of Ravin stock which Jon's family gave to the couple when they were married, all gifts from Jon's family were made only to Jon. The trial judge found the value of Jon's gifted property to be $150,000.

The parties owned, in addition to Jon's gifted property, a $160,000 home which had been purchased with the help of a $60,000 noninterest bearing loan from Jon's father, motor vehicles and personal items.

The trial judge set aside to Jon his gifted property with the exception of the stock given as a wedding gift, which was divided equally between the parties. The trial court carefully divided the remaining personal property nearly equally between the parties.

The home was ordered sold and the proceeds divided equally, except that Jon was ordered to pay from his share the balance of $21,500 still owed on a noninterest bearing loan to his father.

The trial court further found that neither party should pay the other alimony in lieu of the fact that the parties are both self-supporting professionals.

The trial court made no award of attorney fees to either party.

## I. VALUATION OF FAMILY BUSINESSES

■ Judy contends that the trial court erred in not valuing Jon's gifts at more than book value. Jon's gifted property includes an approximate 8% interest in three family-owned limited partnerships and corporations. The trial judge valued the gifted property at $150,000 based on testimony

of Jon's father. In making the valuation the trial court considered the problems in selling minority interests in closely held businesses. We find the value placed on the stock by the trial court was well within the permissible range of the evidence and we will not disturb it on appeal. *In Re Marriage of Bare*, 203 N.W.2d 551, 554 (Iowa 1973).

## II. PROPERTY DIVISION AND ALIMONY

Judy contends not that she should receive a portion of Jon's gifted property but that we should consider the gifted property in awarding to Judy a larger portion of the marital estate. The trial judge very carefully divided the parties' nongifted personal property nearly equally. The trial judge made an approximate $11,000 concession in Judy's favor when he ordered Jon to pay the balance of $21,500 to his father from his one-half of the proceeds of the house sale. Judy also received $3,000 worth of stock that had been given to her by Jon's father. Judy's equity in the home is larger because of the interest-free loan from Jon's father.

The major difference in the financial status of each party is the property Jon received from his family.

In 1977 the Iowa legislature provided that inherited or gifted property is the property of the person receiving it and is not subject to property division except upon a finding that a failure to divide such property is inequitable to the other party or the children of the marriage. Iowa Code § 598.21(1)(c) is substantially a codification of the principles established by case law. *In Re Marriage of Thomas*, 319 N.W.2d 209, 210 (Iowa 1982).

■ There are no children here. Judy did not absent herself from the job market to assume the responsibilities of a family. Judy agrees that Jon's gifted property should not be divided. We reject the contention that Judy should receive a larger share of the nongifted property than given her by the trial judge. Both parties contributed to the marital property. Judy is

receiving a larger share of the property accumulated during marriage. Judy had set aside to her one-half of a joint gift made by Jon's family. There is no basis for making a larger award to Judy because of Jon's gifted property.

■ Judy next contends that she should receive a larger share because of Jon's spending habits and the fact that he will inherit more money. Both parties enjoyed expensive vacations, nice vehicles and a lovely home during the marriage. We are concerned here with dividing the assets the parties now have. We do not make property divisions based on speculation of future inheritances.

Judy contends that the trial court should have awarded her alimony until her death or remarriage. Jon denies that he should be obligated to pay Judy alimony and contends that Judy limited her request for alimony in the trial court to $1.00 per year nominal alimony and she has waived the right to expand her request to one for substantial and lifetime alimony.

■ Because we affirm the trial court in not awarding alimony, we do not address Jon's contention that Judy is foreclosed from addressing the alimony issue on appeal. Property division and alimony must be considered together in evaluating their individual sufficiency. They are neither made nor subject to evaluation in isolation from one another. *In Re Marriage of McFarland*, 239 N.W.2d 175, 179 (Iowa 1976).

Iowa Code section 598.21(3)(e)–(f) (1981) provides that an alimony award must be based upon:

> e. The earning capacity of the party seeking maintenance, including educational background, training, employment skills, work experience, length of absence from the job market, responsibilities for children under either an award of custody or physical care; and the time and expense necessary to acquire suffi-

cient education or training to enable the party to find appropriate employment.

f. The feasibility of the party seeking maintenance becoming self-supporting at a standard of living reasonably comparable to that enjoyed during the marriage, and the length of time necessary to achieve this goal.

The parties here have attained similar levels of education. Judy argues that a person with her academic credentials does not have the earning potential Jon does with a law degree. Judy's earnings from employment during the marriage appear to have equaled or exceeded Jon's. We recognize that some attorneys with Jon's education and experience earn more than Jon; and despite the fact that Judy's earning potential is curtailed in the teaching profession that other persons with her fine academic credentials earn more in other fields. We look not at what the parties *could* have done with their careers but what they *have* done in determining whether alimony should be awarded. We reject Judy's contention that because Jon has a law degree that he has the capacity to earn large sums of money. The career choices of attorneys, as with other professionals, are varied. Some attorneys choose jobs which are not high-paying but which render services to society. To argue that one owes to a marriage the ability to attain the highest financial successes of ones profession is totally without merit. We cannot find under the facts here that Judy's degree has been less valuable to her than Jon's has been to him.

Considering all factors, we find the property division made by the trial court to be fair and equitable and the trial court was correct in not awarding alimony.

### III. ATTORNEY FEES

Judy has her own income and is receiving property from the marriage. She is able to pay her own attorney fees.

We deny Judy's request for attorney fees on appeal.

AFFIRMED.