**FEDERAL LAND BANK OF OMAHA, A Corporation, Appellee,**

v.

**Arley D. BOESE and Mary G. Boese, Husband and Wife, Appellants,**

and

**United States of America, acting through the Farmer's Home Administration, United States Department of Agriculture; and Central Soya Company, Inc., Defendants.**

No. 84–1477.

Supreme Court of Iowa.

Aug. 21, 1985.

Stephen A. Richardson, Bloomfield, for appellants.

Thomas H. Burke and Rodney P. Kubat of Whitfield, Musgrave, Selvy, Kelly & Eddy, Des Moines, for appellee.

SCHULTZ, Justice.

The issue on this appeal is whether the owners of mortgaged real estate are entitled to a self-declared common-law or equitable lien for labor, services, and material they rendered in improving their realty. The mortgagee initiated a foreclosure action against the landowner-mortgagors and later moved for summary judgment on its claim. The trial court sustained the mortgagee's motion and ruled that the landowners were not able to claim such a lien on their property. We affirm.

Arley D. Boese and Mary G. Boese (landowners) own farmland in Henry County. On July 10, 1980, the landowners borrowed

money from the Federal Land Bank of Omaha, a corporation, and executed a promissory note in the principal sum of $420,000, payable in monthly installments starting September 1, 1981. The Boeses mortgaged their farmland to secure the note. It is undisputed that they failed to make any payments on the note.

On September 7, 1982, the Land Bank declared the entire balance due under the promissory note by enforcing an acceleration clause contained in the note. The Land Bank filed a mortgage foreclosure action against the landowners on March 8, 1983. Although the landowners generally denied the allegations contained in the mortgagee's petition, they admitted executing the promissory note and acknowledged they were titleholders in possession of the real estate. The Land Bank included other lienholders in its foreclosure action; however, no issues arise on this appeal concerning the additional parties.

Thereafter, the landowners filed a bankruptcy petition on April 5, 1983, which automatically stayed the foreclosure action. On January 16, 1984, an order lifting the stay was negotiated and the Land Bank proceeded with its foreclosure action. Subsequently, the landowners executed and filed a document dated March 15, 1984, with the Henry County recorder, claiming a "common-law lien" on the mortgaged real estate for "labor, services and material" expended on the property between 1967 and 1984 in the total amount of $1,462,-837.10. Their claim was under the common law because such a lien is not recognized under Iowa statute.

On June 29, 1984, the Land Bank moved for summary judgment on its claim against the landowners. The landowners did not challenge either the amount due on the note or that they were in default. They resisted the motion for summary judgment by asserting their common-law lien on their real estate and filed a copy of the recorded document with the court. In their trial court brief the landowners urged that filing the common-law lien created an issue of material fact that must be decided by the

court before judgment can be entered for either party. Later, in their resistance to adjudication of law points, the landowners notified the court they were no longer relying on the legal authority cited in the document. They requested the court disregard the term "common-law lien" and, instead, proposed they claimed an "equitable servitude lien" on their property. The landowners asserted the trial court could recognize an equitable lien whenever justice and equitable principles demand. On August 20, 1984, the Land Bank's motion for summary judgment was granted. The trial court ruled the mere filing of the lien and designating it as a defense did not avoid summary judgment.

On appeal the landowners assert that summary judgment is not proper when factual disputes exist and filing the lien generated a factual dispute. The landowners' first assertion is correct; Iowa Rule of Civil Procedure 237(c) states that summary judgment shall be granted when there is "no genuine issue as to any material fact." The pertinent issue then is whether filing a "common-law" or "equitable lien by a landowner" provides a mortgagor a viable defense to a mortgage foreclosure action. In addressing this issue we shall first examine the principles fundamental to the liens involved in the present case.

█ In ordinary use a lien is a charge upon property for the payment of a specific obligation that is independent of the lien. *Armour-Dial, Inc. v. Lodge & Shipley Co.*, 334 N.W.2d 142, 145 (Iowa 1983). This lien or charge on the property serves as security for the debt or obligation of the property owner. 51 Am.Jur.2d *Liens* § 1 (1970); 53 C.J.S. *Liens* § 1(a) (1948).

█ A common-law lien is the right to retain the possession of a chattel or personal property until some debt or demand due the person in possession is paid. 51 Am. Jur.2d *Liens* §§ 4, 22; 53 C.J.S. Liens § 1(a). In their resistance to adjudication of law points, the landowners conceded they could not possess a common-law lien because their claim is against real estate rather than personal property.

Equitable liens, however, may attach to real estate. We recently recognized an equitable right to a lien and indicated that although such lien is not recognized at law, equity allows the right to have property subjected to the payment of a particular debt or claim. *Nelson v. Pampered Beef-Midwest, Inc.*, 298 N.W.2d 281, 286 (Iowa 1980). The essential elements of an equitable lien "include a debt, duty, or obligation owing by one person to another, and a *res* to which that obligation fastens." 53 C.J.S. *Liens* § 4(a) (emphasis added). It is a remedy for a debt and provides a method for the enforcement of an obligation. 51 Am.Jur.2d *Liens* § 22.

The undisputed facts show that the landowners in the present case filed their alleged lien on their own real property and now seek to establish some sort of claim priority against the mortgagee. The common elements in establishing a real property lien include an obligation of the landowner to some party that claims a lien on the owner's property based on the obligation. The obvious question then is whether a landowner can have a lien on his own property. We think not.

The general rule is that a party may not have a lien on his own property. *Gould v. Day*, 4 Otto 405, 413, 94 U.S. 405, 413, 24 L.Ed. 232, 234 (1877); *Lee v. Joseph*, 267 Cal.App.2d 30, 35, 72 Cal.Rptr. 471, 474 (1968); *Stephens v. Clark*, 154 Ga.App. 306, 308, 268 S.E.2d 361, 363 (1980); *Barron Buick, Inc. v. Kennesaw Finance Co.*, 105 Ga.App. 451, 455, 124 S.E.2d 918, 921 (1962); *Wiltse v. Schaeffer*, 327 Mich. 272, 285, 42 N.W.2d 91, 96 (1950); *Phoenix Mutual Life Insurance Co. v. Harden*, 596 P.2d 888, 890 (Okla.1979); *Penn Mutual Life Insurance Co. v. Finkel*, 428 Pa. 11, 16, 235 A.2d 396, 400 (1967). An exception to this rule may exist when the titleholder accepts an assignment of a lien on his own land held by another party. In that circumstance we have recognized that the lien does not merge with the fee title unless the titleholder intends it to merge. *Iowa Universalist Convention v.*

*Howell*, 218 Iowa 1143, 1150, 254 N.W. 848, 851 (1934).

The suggestion by the Boeses that they not only own the property but also hold a lien upon it is a novel one. However, an essential element in establishing a lien is showing a debt or an obligation of the landowner. This element cannot be satisfied when a property owner claims a lien on his own real estate because an owner cannot owe himself a debt.

We hold the landowners failed to establish a defense to the foreclosure action because generally a landowner cannot have a lien on his own property. There was no issue as to any material fact in the foreclosure action. The trial court correctly sustained the Land Bank's motion for summary judgment foreclosing the mortgage.

AFFIRMED.