In re the **MARRIAGE OF Shirley J. DEBLER and Donald C. Debler**

Upon the Petition of Shirley J. Debler, Appellee,

And Concerning Donald C. Debler, Appellant.

No. 89–1095.

Supreme Court of Iowa.

July 18, 1990.

Arthur L. Buzzell, Davenport, for appellant.

Patricia C. Kamath, Iowa City, for appellee.

Considered by LARSON, P.J., and CARTER, LAVORATO, NEUMAN, and ANDREASEN, JJ.

LAVORATO, Justice.

In this dissolution of marriage proceeding, the husband contends the alimony award is too much and too long. He also complains because the district court ordered a mandatory wage assignment in case the alimony is delinquent. The wife asks for appellate attorney fees. We affirm the amount of alimony but modify as to when it terminates. We also affirm the mandatory wage assignment provision. We award the wife attorney fees for the appeal.

Shirley Debler and Donald Debler were married in 1967. When they married, Shirley was working in a grocery store and Donald was an asbestos worker.

Shirley was forty-seven when the marriage was dissolved in 1989. Donald was forty-six. Both are in good health. Because of Donald's work, the family was apart for most of this twenty-two year marriage. Two children were born of the marriage: Tad, born in 1967, and Toni, born in 1970.

At the time of the dissolution, Donald was still employed as an asbestos worker. He worked at various nuclear power plants and earned about $700 per week.

Shirley held three jobs. She worked as a clerk in a furniture store where she was earning about $680 per month. She also worked as a caretaker for an elderly woman. For this she was paid $400 per month. In her third job Shirley cleaned a local bank for which she earned about $200 per month. Shirley has no working skills that would allow her to make more than minimum wage.

Following a bench trial, the district court ordered Donald to pay Shirley $500 per month in alimony until she dies or remarries. The court ordered the alimony to continue beyond Donald's death and established the alimony as a lien against his estate. The decree contains this provision about enforcing the alimony payment:

> If support payments are not paid as ordered herein and become delinquent in an amount equal to the payment for one month, the district court or the child support recovery unit may order an assignment of income sufficient to pay the support obligation. The amount of income shall not exceed the amount specified in 15 U.S.C., section 1673(b).

The court awarded Shirley the home valued at $36,000 with a $28,000 mortgage against it; checking and savings accounts totaling $400; her clothing, jewelry, and personal effects; furniture and equipment valued at $6500; and an automobile valued

at $8500 with an encumbrance of $720. The court ordered Shirley to assume responsibility for the mortgage on the home, the encumbrance against the car, and about $1700 of other debt. So her share of the parties' net worth was about $21,000.

Donald was awarded a car that was valued at $10,000 with an encumbrance of $6,700; his pension valued by the court at $20,000; furniture, equipment, and sporting goods valued at $500; two lots in Florida valued at $2100; and his personal items. Donald was ordered to pay the encumbrance against his car and about $5100 in other debts. He was also ordered to pay Shirley's attorney fees in the amount of $500. Donald's share of the parties' net worth totaled about $20,800 which included the pension.

Our scope of review is de novo. Iowa R.App.P. 4. While we are not bound by the district court's findings, we give them considerable weight. Iowa R.App.P. 14(f)(7).

## I. *Alimony.*

■ Donald's first complaint is that the alimony award is too high. He points out that Shirley testified she only needed $200 per month but the district court awarded her $500.

■ Alimony is an allowance to the spouse in lieu of a legal obligation to support that person. *In re Marriage of Francis,* 442 N.W.2d 59, 62 (Iowa 1989). Alimony is not an absolute right; its award depends upon the unique circumstances of each particular case. *In re Marriage of Fleener,* 247 N.W.2d 219, 220 (Iowa 1976). In making an award of alimony, the courts are to consider those factors listed in *Schantz v. Schantz,* 163 N.W.2d 398 (Iowa 1968), as modified by *In re Marriage of Williams,* 199 N.W.2d 339 (Iowa 1972), and now codified at Iowa Code section 598.21(3) (1987). We consider property division and alimony together in evaluating individual sufficiency. *In re Marriage of Dahl,* 418 N.W.2d 358, 359 (Iowa App.1987).

This marriage lasted a long-time—some twenty-two years. Shirley has only a high school education, had no job skills going into this marriage, and has none now. She has no skills because she stayed home and raised two children. This was a joint decision between Donald and her.

The children—though of legal age—live with her. She financed through borrowings one year of college for Tad. That obligation is part of the debt the court ordered her to assume.

For a year before the dissolution hearing, Shirley received no financial support from Donald. She had been receiving $300 per week. Donald also allowed his non-union life insurance policies to expire. Donald's union, however, provides a $15,000 life insurance policy that was still in effect at the time of the dissolution.

Because her financial support was terminated, Shirley had to take on three jobs, working about 60 hours a week, just to make ends meet.

Shirley has no pension or retirement benefits. Moreover, it is unlikely that she will ever have a job that will give her such benefits.

Donald on the other hand is a skilled laborer who makes in one job about three times what Shirley makes working at three jobs. He has a pension plan that at age sixty-two will pay him about $1200 per month. If he continues working, these benefits will increase by about $750 per month.

The district court valued this pension at $20,000—the amount Donald's estate would receive if he died before retirement. There was no evidence of present value for the pension plan. The present value may exceed $20,000, but we make no determination on that point.

Unlike Shirley, Donald's monthly income exceeds his monthly expenses. The excess amounts to $900 per month.

It seems clear to us that the district court ordered alimony for life to provide Shirley with retirement income. The amount is a little less than half of what Donald would receive from his pension at age sixty-two if he retired now. Five hundred dollars per month would ease Shir-

ley's grueling work schedule; she could probably quit two of her three jobs.

Given all of these circumstances we think the district court's award of $500 per month is fair and equitable and should not be disturbed. Income from one job plus the alimony should roughly allow Shirley the standard of living she had while she was married. *See* Iowa Code § 598.21(3)(f) (court should consider feasibility of party seeking maintenance becoming self-supporting at a standard of living reasonably comparable to that enjoyed during the marriage).

■ Donald also complains because the district court continued the alimony obligation beyond his death. Although there is authority for doing so, we think the district court should not have done so here.

■ We interpreted Iowa Code section 598.14 (1962) broadly as giving the court authority to require payments of alimony after death. *See In re Estate of Roberts*, 257 Iowa 1, 4, 131 N.W.2d 458, 460 (1964). The language in section 598.14 that we relied on read:

> When a divorce is decreed, the court may make such order in relation to the children, property, parties, and maintenance of the parties as shall be right. Subsequent changes may be made by it in these respects when circumstances render them expedient.

We hold that Iowa Code section 598.21(3) —the successor to section 598.14—is equally broad enough to authorize alimony payments after death. Section 598.21(3) pertinently provides that

> [u]pon every judgment of ... dissolution ... the court may grant an order requiring support payments to either party for a limited or indefinite length of time after considering all of the following....

As we said, Donald's net worth after the dissolution is $20,800. Most of that net worth is the value of the pension. A portion of the alimony awarded already takes into account Donald's retirement benefits. In these circumstances we do not think continuing alimony beyond Donald's death

is appropriate. However, we do think Donald should list Shirley as beneficiary on the $15,000 union life insurance policy as long as Donald's obligation for alimony continues under the decree.

So we delete the decree provision calling for alimony payments after Donald's death. We order Donald to list Shirley as beneficiary on his life insurance policy with his union. He shall continue to do so as long as he has an obligation to pay alimony under the decree.

## II. *The Mandatory Wage Assignment Provision.*

■ Donald's last complaint centers on the mandatory wage assignment provision in the decree. Donald contends that the present law allows such assignments only in case of child support.

It is true that Iowa law permits the court to require the entry of a mandatory wage assignment "[u]pon a finding of previous failure to pay child support." *See* Iowa Code § 598.22. Although this statute makes no mention of alimony, we fail to see how this is fatal to the district court's inherent equitable power to order a comparable wage assignment in case of delinquent alimony. *See* 24 Am.Jur.2d, *Divorce and Separation* § 784 (1983) (equity courts have inherent power to grant attachments in dissolution cases on grounds other than statutory grounds).

Here, Donald terminated support to his family a year before the dissolution proceedings. In addition, he works out of state, which compounds the collection problem. Given these circumstances, we think the district court properly exercised its inherent equitable power to insure payment of Shirley's alimony. So we affirm that part of the decree calling for a mandatory wage assignment in case the alimony is delinquent.

## III. *Attorney Fees.*

■ Shirley asks for appellate attorney fees. In evaluating such requests we consider the needs of the party making the request and the ability of the other party to

pay. *In re Marriage of Orgren,* 375 N.W.2d 710, 714 (Iowa App.1985). Donald's ability to pay such fees is clearly documented in the record. So is Shirley's inability to pay. We think Shirley's requests for $750 is fair and reasonable, and we order Donald to pay her this amount.

### IV. *Disposition.*

In summary we affirm the amount of alimony awarded but modify that provision of the decree calling for alimony payments after Donald's death. We also affirm the decree provision calling for a mandatory wage assignment in case the alimony is delinquent. We order Donald to pay Shirley appellate attorney fees in the sum of $750.

Costs are assessed two-thirds to Donald and one-third to Shirley.

AFFIRMED AS MODIFIED.