**In re the MARRIAGE OF Barbara HANSON and Kenneth P. Hanson**

**Upon the Petition of**

**Barbara Hanson, Appellee,**

**And Concerning Kenneth P. Hanson, Appellant.**

**No. 90–1496.**

Court of Appeals of Iowa.

Aug. 27, 1991.

M. Leanne Tyler, Davenport, for appellant.

Edward N. Wehr of Wehr, Berger, Lane & Stevens, Davenport, for appellee.

Considered by SCHLEGEL, P.J., and HAYDEN and HABHAB, JJ.

HABHAB, Judge.

Barbara and Kenneth Hanson were married in 1973. No children were born to the marriage, although each has adult children from a prior marriage. Barbara has been employed in sales positions throughout the marriage. In 1989 she earned about $15,000 from her employment.

Kenneth has been engaged in various rather unusual business pursuits throughout the marriage. According to his testimony, in recent years he has been a salvager of financial assets others had written off as worthless. Barbara describes Kenneth as a "wheeler-dealer".

The trial court dissolved the marriage in a decree dated September 11, 1990. It described Kenneth's testimony as completely lacking in credibility. The trial court expressed the suspicion Kenneth had secreted assets from Barbara and had misrepresented the value of other assets. The court concluded due to Kenneth's concealment and lack of candor, it was almost impossible to determine the extent or value of the marital property to be divided.

When assessing the credibility of the parties, the trial court had this to say about the respondent:

> Seldom in a judge's experience is a witness or party presented whose credibility is completely nil. This case presents that situation. At the outset, the Court finds that the credibility of Kenneth P. Hanson is such that the Court will completely disregard his uncorroborated testimony. His actions, however, speak louder than any of his words. He claims he has no assets, yet he has attempted to place certain contract rights and other property into a purported trust, set up by an unrelated person, with himself as trustee. That attempt is almost as transparent as his lack of veracity.

Kenneth claims he acquired 350,000 shares of Frontier Industries stock in the course of his business dealings. He now claims the stock is virtually worthless. However, he recently tried to put it into a trust for his adult children. Barbara presented testimony showing the stock was worth anywhere from $.75 per share to $1.75 per share. The trial court, while noting uncertainty as to the existence of the stock and its value, did hold the stock had a value of $1.00 per share, or $350,000.

The trial court awarded Barbara the parties' home, valued at $80,000, but subject to a mortgage of about $28,000. The court also awarded her three cars and various tools, home furnishings, and antiques. In addition, the court awarded Barbara all the parties' interest in the Frontier Industries stock.

The court awarded Kenneth certain gemstones and metal bars purportedly platinum. Kenneth now claims the metal bars are lead and the stones have all been pawned. However, there was evidence he claimed in the past the metal bars were platinum, and the court questioned Kenneth's claim the stones have been pawned.

The court also awarded Kenneth all his interest in an investment described as a promissory note of some sort. This apparently arose from the efforts of Kenneth and an associate to collect on certain non-

performing bank notes purchased from the FDIC following the failures of two Texas banks. These non-performing notes were purportedly worth around $4 million. Kenneth claims this promissory note is uncollectible and worthless. The court noted his claim is belied by conduct because he recently tried to place the promissory note in a trust for his children.

In addition to the financial assets, the court awarded Kenneth a bass boat, an old pickup truck, all his interest in a 1982 Cadillac which may or may not have been repossessed, and various tools and personal effects. Kenneth was directed to assume unsecured debts of around $7,900.

Neither party was awarded spousal support or attorney's fees. Kenneth has appealed from the dissolution decree, challenging the division of property. He contends Barbara received virtually all the assets of any value. He requests a share in the homestead and the Frontier Industries stock awarded to Barbara. He suggests the trial court improperly considered the concept of marital fault in dividing the property and debts. Barbara filed a notice of cross-appeal, but later withdrew it. Barbara requests attorney's fees of $3441.50 on appeal.

■ In this equity action, our review is de novo. Iowa R.App.P. 4. We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. *In re Marriage of Steenhoek*, 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7).

■ The partners in the marriage are "entitled to a just and equitable share of the property accumulated through their joint efforts." *In re Marriage of Havran*, 406 N.W.2d 450, 452 (Iowa App.1987). The distribution of the property of the parties should be equitable under the circumstances after consideration of the criteria codified in Iowa Code section 598.21(1). *In re Marriage of Estlund*, 344 N.W.2d 276, 280 (Iowa App.1983).

Initially, we find the value placed on the assets by the trial court to be well within the permissible range of evidence and will not disturb them on appeal. *See In re Marriage of Bare*, 203 N.W.2d 551, 554 (Iowa 1973); *In re Marriage of Griffin*, 356 N.W.2d 606, 608 (Iowa App.1984).

■ Next, we do not find the trial court considered fault concepts in this dissolution action. It is explicitly stated, however, the trial court did not trust Kenneth to any extent. The trial court is in the best position to judge the credibility of witnesses. *See* Iowa R.App.P. 14(f)(7); *In re Marriage of Vrban*, 359 N.W.2d 420, 423–24 (Iowa 1984). We will not second guess the trial court on this issue.

■ There exists substantial justification to estop Kenneth from crying "foul" on the trial court's distribution of the Frontier Industries stock. He attempted to transfer these to a trust *after* this dissolution action was filed. Apparently he testified at trial these stocks were only worth one-half cent each. If these stocks are indeed worth such a paltry sum, as he claims, he has no reason to complain of their award to Barbara. If these stocks are more valuable, he should be estopped from complaining because he misrepresented their value to the court. He certainly is in no position to complain as to the value fixed by the court.

■ Generally, if a party testifies that a marital asset has no monetary or sentimental value, he or she is in no position to complain if that asset is awarded to the other party. If the testimony concerning the disputed stock came solely from the respondent, we would quickly affirm the trial court on this issue. But here the petitioner gave the stock value and the court fixed a per share value of $1.00. Accordingly, we modify the decree so as to divide the stock equally between the petitioner and respondent.

■ We affirm on the award of the homestead to Barbara. She contributed extensively to the homestead, both through her personal efforts and financially. She likewise must assume all debt related to

the homestead, including delinquent mortgage payments, taxes, and upkeep.

 We further note in Kenneth's brief a closing sentence stating in part: "a fair property distribution could be reached between the parties without relying on the credibility of Ken's testimony." This statement underscores the essential critical flaw in Kenneth's thinking.

The trial court must make its judgment based upon the testimony of the witnesses before it. One of the parties is totally incredible and appears to be lying in order to secret assets from the court and the opposing party. Without the gift of divination, it is *impossible* for the trial court to accurately divide the parties' property in an equitable manner. Since it is apparent it was Kenneth's machinations and deviousness which created the very problem he complains of, he may not now assert the trial court's ruling is inequitable.

We affirm the trial court on all issues except as to the modification relating to the Frontier Industries stock.

Kenneth is ordered to pay $1,000 of Barbara's attorney fees on this appeal.

Costs of this appeal taxed to the appellant.

AFFIRMED.