In re the MARRIAGE OF Carolyn HETTINGA and George Hettinga.

Upon the Petition of

Carolyn Hettinga, Appellee,

And Concerning

George Hettinga, Appellant.

No. 96–1064.

Court of Appeals of Iowa.

Dec. 29, 1997.

James Q. Blomgren and Julie B. Fisher of Pothoven, Blomgren & Stravers, Oskaloosa, for appellant.

Martha Mertz of Mick & Mertz, Knoxville, for appellee.

Heard by CADY, C.J., and SACKETT and HUITINK, JJ., but decided en banc.

HUITINK, Judge.

George Hettinga appeals the alimony provisions of the decree dissolving his marriage to Carolyn Hettinga. We affirm as modified.

### I. Background Facts and Proceedings.

George and Carolyn were married in 1973. As a result of disability, neither has a significant earnings history. Their subsistence was provided by social security disability benefits, trading antiques, and Carolyn's small flower business. George's monthly benefits are $433 and Carolyn's are $163.

In 1992, George inherited substantial personal property and a 210–acre farm from his mother. The farm is rented for $23,000 annual cash rent, yielding $18,000 after expenses.

Carolyn was awarded personal property and a $20,000 equalizing cash payment. She was also required to pay $10,000 of credit card debt she incurred while this case was pending. George's inheritance was set aside to him and he received an equal share of the property acquired during the marriage. He was also required to pay the majority of the debt accumulated during the marriage.

Carolyn was awarded $725 permanent monthly alimony. The decree also provided:

[e]ach alimony payment shall immediately become a lien against the 210–acre farm owned by George.... This lien cannot be discharged unless an equivalent annuity is purchased by George to guarantee payments to Carolyn for her lifetime. The alimony payments shall be payable to Carolyn until her death or remarriage. If George should predecease Carolyn his estate shall be obligated to purchase an annuity or otherwise, to the satisfaction of Carolyn, to guarantee payment of the $725 for her lifetime.

In this appeal George challenges the amount and duration of Carolyn's alimony award. He also argues the imposition of a lien to secure future alimony payments is unjustified.

## II. Standard of Review.

■ We review this equitable action de novo. Iowa R.App. P. 4. We are not bound by the trial court's findings of fact, but we do give them deference because of the district court's trial perspective. *Id.; In re Marriage of Brown,* 487 N.W.2d 331, 332 (Iowa 1992).

## III. Alimony.

■ Alimony is an allowance to the former spouse in lieu of a legal obligation to support that person. *See In re Marriage of Hitchcock,* 309 N.W.2d 432, 437 (Iowa 1981). When determining the appropriateness of alimony, the court must consider "(1) the earning capacity of each party, and (2) present standards of living and ability to pay balanced against the relative needs of the other." *In re Marriage of Miller,* 524 N.W.2d 442, 445 (Iowa App.1994); *In re Marriage of Estlund,* 344 N.W.2d 276, 281 (Iowa App. 1983) (citation omitted).

■ Alimony is not an absolute right; an award depends upon the circumstances of each particular case. *In re Marriage of Miller,* 532 N.W.2d at 162; *In re Marriage of Whelchel,* 476 N.W.2d 104, 110 (Iowa App. 1991); *In re Marriage of Fleener,* 247 N.W.2d 219, 220 (Iowa 1976). The factors listed in Iowa Code section 598.21(3)(1995) are considered in making the discretionary award of alimony. *See In re Marriage of Hayne,* 334 N.W.2d 347, 350 (Iowa App. 1983). Alimony may be used to remedy inequities in a marriage and compensate a spouse who leaves the marriage at a financial disadvantage. *In re Marriage of Geil,* 509 N.W.2d 738, 742 (Iowa 1993); *In re Marriage of Earsa,* 480 N.W.2d 84, 86 (Iowa App.1991). Following a marriage of long duration, we have affirmed awards of both alimony and substantially equal property distribution, especially where the disparity in earning capacity has been great. *In re Marriage of Geil,* 509 N.W.2d at 742; *In re Marriage of Hitchcock,* 309 N.W.2d at 438.

■ We consider alimony and property distribution together in assessing their individual sufficiency. They are neither made nor subject to evaluation in isolation from one another. *In re Marriage of McLaughlin,* 526 N.W.2d 342, 345 (Iowa App.1994); *In re Marriage of Griffin,* 356 N.W.2d 606, 608 (Iowa App.1984).

■ An alimony award will differ in amount and duration according to the purpose it is designed to serve. *In re Marriage of Francis,* 442 N.W.2d 59, 62 (Iowa 1989). Traditional or permanent alimony is usually payable for life or for so long as the dependent is incapable of self-support. *Id.* at 62. The purpose of a traditional or permanent alimony award is to provide the receiving spouse with support comparable to what he or she would receive if the marriage continued.

As noted earlier, Carolyn's disability renders her incapable of self-support now or in the future. Her need for alimony is absolute. Although George suffers a similar disadvantage, his receipt of passive rental income enhances his ability to pay alimony. Under these circumstances, we find the district court's decision to award Carolyn permanent alimony was appropriate.

■ We, however, find the amount and duration of the district court's alimony award are excessive. An award of $500 per month more closely balances Carolyn's need with George's ability to pay. Additionally, George's compliance with this obligation during his lifetime is sufficient to discharge his duty to support Carolyn following dissolution of their marriage. No equitable purpose is served by imposing an alimony obligation on George's estate. We accordingly reduce the amount of alimony awarded to $500 per month and order termination of George's alimony obligation upon his death.

## IV. Judicial Lien.

■ We initially distinguish the judicial lien imposed in this case from a statutory judgment lien. A statutory lien requires a

final judgment in amount certain, and in the absence of these conditions, the judgment does not constitute an automatic lien on real estate. Iowa Code § 624.23, *Slack v. Mullenix,* 245 Iowa 1180, 1184, 66 N.W.2d 99, 101 (Iowa 1954). A judicial or equitable lien, however, is an automatic lien on real estate even if the predicate conditions for a judgment lien do not exist. *Federal Land Bank of Omaha v. Boese,* 373 N.W.2d 118, 121 (Iowa 1985).

 Because an installment judgment for future alimony payments does not meet the predicate conditions for a judgment lien, there is no resulting automatic lien on real estate until a delinquency occurs. *Id.* The district court has the authority to secure performance of future alimony payments by requiring adequate security or imposing appropriate liens on the obligor's property. Iowa Code § 598.22; *In re Marriage of Debler,* 459 N.W.2d 267, 270 (Iowa 1990); *Kobriger v. Winter,* 263 N.W.2d 892, 894 (Iowa 1978) (citations omitted). Our assessment of the record indicates the restrictions on alienation resulting from the lien imposed on George's land outweigh the necessity of this extraordinary remedy. Carolyn's alimony entitlement is adequately secured by judgment liens that attend George's delinquent payment. We accordingly modify the district court's decree by striking the lien provision.

The parties are ordered to pay their own attorney fees and costs are assessed one-half to each party.

**AFFIRMED AS MODIFIED.**

All judges concur except VOGEL and STREIT, JJ., who dissent.

VOGEL, Judge (dissenting).

I dissent. I find the amount of alimony set by the trial court adequately remedies inequities between the parties at this stage of their lives and the attendant economic consequences of the dissolution. To modify by reducing the amount of alimony, greatly reduces Carolyn's ability to be able to meet her basic needs. Furthermore, relieving George's estate of future alimony payments, although appropriate under certain circumstances, in this case minimizes Carolyn's continuing need for financial support.

I would affirm the district court's decision in all respects.

STREIT, J., joins this dissent.