**IN THE COURT OF APPEALS OF IOWA**

No. 14-0314
Filed August 27, 2014


IN RE THE MARRIAGE OF JEANA L. BENSON
AND ROBERT T.D. BENSON

Upon the Petition of
JEANA L. BENSON,
          Petitioner-Appellee,

And Concerning
ROBERT T.D. BENSON,
          Respondent-Appellant.
_____


          Appeal from the Iowa District Court for Webster County, Thomas J. Bice,

Judge.


          Robert Benson appeals the district court's dissolution decree.  **AFFIRMED**

**AS MODIFIED.**


          William H. Habhab, Ford Dodge, for appellant.

          Kurt T. Pittner, Fort Dodge, for appellee.


          Considered by Vaitheswaran, P.J., and Doyle and McDonald, JJ.

**VAITHESWARAN, P.J.**

Robert Benson appeals the spousal support provision of a dissolution decree. He contends the district court acted inequitably in declining to grant him spousal support.

## I. Background Facts and Proceedings

Robert and Jeana Benson married in 1983 and divorced in 2014. When the parties decided to have children, they agreed Robert would serve as primary caretaker. Robert assumed and continued that role throughout the children's lives. The children were sixteen and twelve at the time of trial.

In addition to serving as primary caretaker, Robert earned part-time wages as a stocker at a craft store, a job he held for fourteen years. At the time of trial he worked twenty-three hours per week and made $10.75 per hour. The parties' 2012 tax return reflected gross wages of $7032.

Jeana worked for twenty years as a registered nurse. She earned a base hourly rate of $33.71, which could fluctuate by approximately two and a half dollars per hour depending on the nature of her job duties. She worked close to full-time hours with some overtime and the 2012 tax return reflected gross wages of $64,806.

At trial, Robert sought traditional spousal support of $1000 per month until Jeana's child support obligation ended and $1500 thereafter. The district court found that "alimony is not appropriate here." The court reasoned that Robert had "the ability to support himself notwithstanding his satisfaction of working only part-time." The court also noted that, given Jeana's financial obligations, she did

not have the resources to pay "lifetime alimony as [Robert] requests." Robert appealed.

## II. Spousal Support

Iowa Code section 598.21A (2013) sets forth a list of facts for consideration in deciding whether to award spousal support, including the length of the marriage, the parties' ages, educational levels, health, and earning capacities, the property distribution, and the ability of the party seeking support to become self-supporting at a comparable standard of living. Iowa Code § 598.21A(1).

The parties were married for thirty years. Robert was fifty-nine years old, had no post-high school education, and had a work history that was limited to hard physical labor, which caused him to develop chronic knee and back pain. For sixteen years preceding trial, his first priority was caring for the children. He was the parent primarily responsible for attending to the children's needs when they were infants and toddlers. After they began school, he was the parent who primarily transported them, made their lunches, and took them to medical appointments. While he also earned wages, he adjusted his work schedule to accommodate Jeana's schedule in an effort to ensure that the children were always in the care of one of the parents.

Jeana was forty-nine years old at the time of trial and in good health. She obtained a nursing degree during the marriage and advanced in her career, becoming a full-time charge nurse at one point. While she asserted that her employer cut back her hours, her earnings nonetheless far outstripped Robert's, as did her earning capacity.

Jeana owned a 401(k) retirement account containing $69,261, all accumulated during the marriage. Despite the length of the marriage, she was only ordered to give Robert about $9500 from that account. While she noted that Robert received the family home valued at between $85,000 and $95,000, he paid off the $63,000 mortgage on the home with his own inherited funds of $106,000. *See* Iowa Code § 598.21(5) ("The court shall divide all property, except inherited property or gifts received or expected by one party"). Had the parties elected to sell the home, Jeana would have received an equity payment of approximately $15,500, a sum that was far less than the almost $35,000 she would have been required to pay Robert had the court divided her retirement account equally.

There is no question Jeana was saddled with a heavier debt load than Robert, having amassed $18,577 in outstanding credit card balances, relative to Robert's balance of $1605.29. While some of this debt was incurred for family expenses during the marriage, Jeana acknowledged Robert gave her $5000 from the inheritance to pay outstanding bills and used his earnings to buy groceries.

On our de novo review, we conclude this is a paradigmatic case for an award of spousal support. *See In re Marriage of Geil,* 509 N.W.2d 738, 742 (Iowa 1993) (stating alimony may be used to remedy inequities in a marriage and compensate a spouse who leaves the marriage at a financial disadvantage). Our decision is based on the length of the marriage, the parents' decision to have Robert forego full-time wages so he could serve as the children's primary caretaker, the significant earnings disparity, and the unequal distribution of the retirement account. *See id.* ("Following a marriage of long duration, we have

affirmed awards of both alimony and substantially equal property distribution, especially where the disparity in earning capacity has been great.").

As noted, Robert seeks traditional alimony, which is generally payable for life, or at least for as long as the receiving spouse is incapable of self-support. *See In re Marriage of Anliker*, 694 N.W.2d 535, 540 (Iowa 2005). "The purpose of a traditional or permanent alimony award is to provide the receiving spouse with support comparable to what he or she would receive if the marriage continued." *In re Marriage of Hettinga*, 574 N.W.2d 920, 922 (Iowa Ct. App. 1997). Robert's age, limited earnings history as a manual laborer, and his chronic health conditions lead us to conclude Robert is incapable of self-support. We believe an award of traditional alimony is appropriate.

Jeana paid Robert $350 per month in temporary support. Although the court characterized this payment as "rehabilitative," we view the amount as a reasonable traditional alimony payment that balances Robert's needs with Jeana's ability to pay. *Hettinga*, 574 N.W.2d at 922. We conclude Jeana should pay Robert $350 per month in traditional alimony until Robert remarries or either party dies. *See In re Marriage of Brown*, 487 N.W.2d 331, 334-35 (Iowa 1992).

### A. Whether Robert is entitled to attorney fees on appeal

Robert seeks $1000 in appellate attorney fees and an order requiring Jeana to pay the costs of this appeal. Given the fact that Robert prevailed and earns significantly less than Jeana, we grant both requests. *See In re Marriage of Okland*, 699 N.W.2d 260, 270 (Iowa 2005). Jeana is ordered to pay $1000 toward Robert's appellate attorney fees as well as the costs of this appeal.

**AFFIRMED AS MODIFIED.**