In re the MARRIAGE OF James J. STOM and Janice Stom.

Upon the Petition of James J. STOM, Appellant, and concerning Janice STOM, Appellee.

No. 2–57156.

Supreme Court of Iowa.

March 19, 1975.

Lyle A. Rodenburg, Council Bluffs, for appellant.

C. Adam Schulte, Council Bluffs, for appellee.

Heard by MOORE, C. J., and MASON, LeGRAND, REES and REYNOLDSON, JJ.

REYNOLDSON, Justice.

Petitioner James Stom appeals from a marriage dissolution decree which, *inter alia*, awarded to respondent Janice Stom custody of their minor daughter, Laura. We affirm in part, reverse in part, and remand.

James and Janice Stom were married December 10, 1966. Laura was born February 10, 1970. October 28, 1972 Janice moved from the home to a Council Bluffs apartment. Two days later James filed petition for dissolution.

After two months Janice moved back into the family home but slept on a couch. She continued to reside there until she moved to Omaha following a dissolution decree entered June 7, 1973. This decree dissolved the marriage, and conforming to a stipulation, gave James temporary custody of Laura, awarded each party one car and ordered James to pay $300 to Janice for attorney fees. Trial court retained jurisdiction "for the purpose of permanent custody of said child" and for further property division. The record suggests it was thought agreement might be reached as to these matters.

September 25, 1973, upon Janice's application, a hearing was commenced to determine custody, support, and property division. October 4, 1973, trial court, amending the first decree, granted permanent custody to Janice and ordered James to pay $30 per week "pending final settlement of the amount of child support." Counsel were directed to submit within 30 days a stipulation as to child support and property division. There ensued the inevitable conflict punctuated with application for contempt citations.

A final order was entered February 28, 1974. James was ordered to pay $250 additional attorney fees. Permanent child support was ordered at $30 weekly. James was awarded the home (upon which there was a large indebtedness) and, with minor exceptions, all personalty in his possession. Janice was awarded all personalty in her possession, with minor exceptions, and $900 from James in order to equalize division of personal property.

James, appealing, attacks trial court's decrees as they relate to child custody and support, property division and attorney fees.

## I. Child custody.

■ Our basic criteria for resolving child custody issues have been recapitulated recently and will not be repeated here. In re Marriage of Winter, 223 N.W.2d 165, 166–67 (Iowa 1974). We no longer infer the best interests of children of tender years are better served by awarding custody to their mother. In re Marriage of Bowen, 219 N.W.2d 683, 688 (Iowa 1974).

■ The matter is complicated by the piece-meal disposition of the issues below, a procedure we have consistently disapproved. In re Marriage of Blessing, 220 N.W.2d 599, 605 (Iowa 1974); Shipley v. Shipley, 182 N.W.2d 125, 127 (Iowa 1970); Betzel v. Betzel, 163 N.W.2d 551, 555 (Iowa 1968). James now asserts trial court was obligated to find a material change of circumstances following its initial custodial decree of June 7, 1973 in order to enter the amending decree of October 4, 1973. In view of the language of the first decree, we hold this is not the applicable law. See Betzel v. Betzel, supra at 554–55.

■ But while agreeing with Janice on this point, in our de novo review we cannot confirm trial court's award of custody to her.

Without recourse to detail which would add nothing to our jurisprudence, we view the record as reflecting a devoted, dedicated and loving father (although not without character and personality flaws) and an immature, selfish mother whose moral values, unless corrected, could not benefit her daughter. Pertinent and undisputed testimony relates to Janice's encouraging Laura to call her father foul names, and 24-year-old Janice's sexual encounters with a minor male. There is strong evidence some of this activity occurred in Laura's presence. Janice's disinterest in the child's needs was apparent on a number of occasions.

Janice's disregard for the truth is implicit in her admitted perjury. Her employment record reflects her instability and the home environment she proposes for Laura is uncertain.

James took good care of Laura during the year he assumed major responsibility for her well-being, a point Janice does not dispute. Janice further concedes his love for the child, and the evidence discloses this affection is reciprocated. James, but not Janice, has made an effort to provide Laura with religious education. He displays more stability in his employment and higher moral values.

We find Laura's best interests require custody to be placed in James. See In re Marriage of Bowen, supra; Carey v. Carey, 211 N.W.2d 342 (Iowa 1973). The latter's obligation to pay child support is terminated. Janice is granted visitation rights but shall not remove the child from the State of Iowa except with permission of court granted after application and notice to James.

## II. Property division.

■ James contends the property settlement was inequitable. Janice asks that the district court decree be affirmed in this respect. We find the record is wholly inadequate to properly review trial court's property division. See Schantz v. Schantz, 163 N.W.2d 398, 405 (Iowa 1968). There is no itemization of personal property held by each party, or the reasonable value of this property. Neither is there any competent evidence of the present market value of the

home awarded James, although there is testimony relating to the indebtedness owed on it.

We affirm the property division made by trial court.

### III. *Attorney fees.*

James asserts a total award of $550 for attorney fees, made in two decrees by trial court, was excessive.

■ We cannot agree. The $300 awarded in the June 7, 1973 decree conformed to the stipulation James entered into the same date. See Raabe v. Raabe, 191 N.W.2d 551, 554 (Iowa 1971). In view of the substantial amount of litigation which ensued, an additional award of $250 was not excessive. See those pertinent factors summarized in In re Marriage of Jennerjohn, 203 N.W.2d 237, 245 (Iowa 1972).

■ Janice has filed application for an award for her attorney fees on appeal in an itemized amount of $1,044. We consider her needs, James' ability to pay and the fact she was obligated to defend trial court's decision. See Raabe v. Raabe, supra at 554. We have also taken into consideration the fact we have not required her to pay child support.

We hold James shall, within one year, pay $750 to Janice through the office of the clerk of the Pottawattamie district court, to apply toward her attorney fees.

We affirm in part, reverse in part, and remand for decree in conformance herewith.

Affirmed in part, reversed in part, and remanded.