### In re MARRIAGE OF Peggy Ann GRANDINETTI and Thomas G. Grandinetti.

### Upon the Petition of Peggy Ann Grandinetti, Petitioner-Appellee,

### And Concerning Thomas G. Grandinetti, Respondent-Appellant.

No. 3–68918.

Court of Appeals of Iowa.

Oct. 25, 1983.

William E. McNally, of Wells, McNally & Bowman, Davenport, for petitioner-appellee.

Doren M. Shifley, until his withdrawal, and then M. Leanne Tyler, Lenox, for respondent-appellant.

Heard by OXBERGER, C.J., and DONIELSON, SNELL, SCHLEGEL, HAYDEN, and SACKETT, JJ.

SACKETT, Judge.

Respondent, Thomas G. Grandinetti, appeals from the dissolution decree, challenging the award of child custody to petitioner, Peggy Ann Grandinetti. Tom also contends that the trial court should have reopened the record to allow him to present evidence of Peggy's receipt of a personal injury settlement after the decree was entered. We affirm.

The parties were married in 1968. They have two children: Tina, born in 1970; and Tony, born in 1973. Both parties seek custody of the children. The trial court awarded custody of both children to Peggy based upon a finding: (1) that Peggy was the primary caretaker of the children during the marriage; (2) that Tina's relationship with her father was "very poor"; and (3) that Tom lacked insight and was "very rigid" in his thinking. Tom challenges the trial court's custody decision on several grounds and urges this court to reverse the custody award below and grant Tom custody of both Tony and Tina.

## I.

Our review of this equity case is de novo. Iowa R.App.P. 4. In child custody cases, the first and governing consideration of the court is the best interest of the children. Iowa R.App.P. 14(f)(15). When considering the credibility of witnesses, we give weight to the trial court's findings of fact but are not bound by them. Iowa R.App.P. 14(f)(7).

In challenging the trial court's custody decision, Tom first argues that the record was "so rife with irrelevant, nonfactual, improperly founded, conclusory, insufficient and hearsay evidence as to make the custody decision reversible as not founded on proper evidence." Upon a review of the evidence considered by the trial court, we find this argument to be without merit.

Tom next argues that the evidence presented to the trial court "indicated a compelling reason why splitting child custody would have been appropriate rather than summarily applying the usual rule of not splitting custody of siblings." In reviewing this custody decision, the focus must be the best interests of the children involved. Iowa R.App.P. 14(f)(15). In attempting to foster children's best interests, the court ordinarily attempts to keep children of broken homes together. *In rc Marriage of Jones*, 309 N.W.2d 457, 461

(Iowa 1981). The underlying rationale is that split custody deprives children of the benefit of constant association with each other which, as innocent victims of marital bankruptcy, they should not lightly be subjected to. *In re Marriage of Wahl*, 246 N.W.2d 268, 270 (Iowa 1976). This rule has been held to not be immutable, but may be departed from if there exist good and compelling reasons. *In re Marriage of Burham*, 283 N.W.2d 269, 276 (Iowa 1979). Applying this rationale to the present situation and after reviewing all the evidence which was before the trial court, we find that it was correct in its finding that split custody would not be in the best interest of Tina and Tony. There appear to be no persuasive circumstances justifying or necessitating the separation of Tina and Tony. While the expert witness hired by Tom recommended split custody, the trial court correctly dismissed her testimony and recommendations regarding split custody when it was revealed that she met with Tom, Tina and Tony only once and never met with Peggy. The recommendation of one witness, whose testimony and recommendations with respect to split custody were disregarded by the trial court, is not a compelling reason to split the custody of Tony and Tina and deprive them of the benefit of each other's association.

■ Tom argues further that the trial court should have given more consideration to the preferences of the children in awarding custody. In custody determinations, courts may give some weight to the preferences of the child, *if* the child is of sufficient age and maturity. *In re Marriage of Winter*, 223 N.W.2d 165, 167 (Iowa 1974). The stated preferences of the children were not mentioned in the decree. There is no indication that the custody decision was based upon Tina's stated preference for her mother. While the record reveals that Tony, who was then eight years old, expressed a preference for living with his father, he later abandoned this stated preference. The trial court correctly based its custody determination on the best interests of the children.

■ Tom's argument that the trial court failed to give proper consideration to his "conscientious efforts to further the children's church attendance and religious education" is without merit. While religious belief and training is a factor to be considered in a custody determination, *Winter*, 223 N.W.2d at 166, it is not determinative. The trial court properly considered the religious needs of both Tony and Tina, and ordered that Peggy ensure their continued religious training. Tom's contention that the trial court did not consider the religious needs of the children finds no support in the record.

■ Tom contends that the trial court failed to properly consider "Peggy Grandinetti's adulterous relationship and many overnight and other lengthy absences from her children and the home." While moral misconduct is a factor to be accorded weight in a child custody determination, it has been weighed most heavily only in those cases where the misconduct occurred in the presence of the children. *In re Marriage of Stom*, 226 N.W.2d 797, 799 (Iowa 1975). Tom fails to mention, with respect to the moral misconduct issue, that he, himself, admitted to two extramarital affairs during the course of his marriage to Peggy. There is no evidence that either party engaged in moral misconduct in the presence of the children. The trial court was adequately informed of all of the facts concerning both parties' activities and the home environment during the months preceding the custody hearing. These facts were properly weighed by the trial court and their weight was reflected in the decree.

■■ Tom alleges error in the court's determination that Peggy could provide a more stable environment for the children and argues that such a finding was contrary to the evidence. Among the factors to be considered in child custody determinations are the capacity and interest of each parent to provide for the needs of the children, and the stability and wholesomeness of each proposed environment. *Winter*, 223 N.W.2d at 166–67. After hearing all

the evidence, the trial court found that Peggy had been responsible for raising and disciplining the children, and that she "was the main nurturing parent during the children's formative years and still continues to be." The court concluded that "the emotional, social, and moral and educational needs of the children will be better served by placing custody with the petitioner." The trial court's determination in this case is fair, grounded in the overriding principle that the governing consideration is the best interest of the children, and properly supported by the record.

■ Tom alleges that "the improper and judicially abandoned presumption or inference that the best interest of children is served by awarding custody to the mother may have been applied by the trial court although the decision does not appear to rest on this in the decree." Tom suggests that "because the record is devoid of concrete evidence why Peggy was given custody ... the trial court unconsciously applied the inference in favor of awarding custody to the mother." Tom's argument is essentially that since custody was awarded to Peggy, and since Peggy is a woman, it is possible that the trial court relied upon the abandoned inference that the custody of the children should remain with their mother. There is absolutely no basis for such an argument in the record. Rather, the court correctly considered only the best interests of the children involved. We affirm the award of custody of both Tina and Tony to Peggy.

## II.

■ Tom urges this court to remand this case for a hearing based on post-trial evidence of the settlement of a personal injury claim in which Peggy received $7,031.25. Tom characterizes the settlement award as a material and substantial change in Peggy's financial circumstances not reasonably discoverable prior to entry of the dissolution decree. Because the trial transcript clearly reflects the court's awareness that such a settlement was imminent, the insurance settlement does not constitute grounds for a new trial under Iowa Rule of Civil Procedure 244(g) or for an enlargement of findings under Iowa Rule of Civil Procedure 179(b). Even assuming adequate grounds existed for granting a new trial, however, Tom still must show: that the evidence is *newly discovered* and could not, in the exercise of due diligence, have been discovered prior to the conclusion of the trial; that it is *material* and not merely cumulative or impeaching; and that it would probably *change the result* if a new trial were granted. *In re Marriage of Steenhoek,* 305 N.W.2d 448, 452 (Iowa 1981) (emphasis added). The record clearly shows that the "newly discovered evidence" upon which Tom relies was neither newly discovered nor outside the knowledge of the trial court. Furthermore, Tom failed to specifically reserve in the dissolution decree any rights he may have had with respect to the settlement proceeds, even though he knew at that time that such a settlement was imminent. Consequently these rights were lost in the entry of the final decree. Iowa Code § 598.-20. We must, therefore, deny the requested remand and refuse any relief on this issue.

## III.

■ Petitioner asks us to fix reasonable attorney fees for this appeal. She is not entitled to these as a matter of right, but such fees are allowable when the relative financial condition of the parties justifies it. We do not find that the relative financial positions of Tom and Peggy justify an allowance for Peggy's attorney's fees in this situation. The parties shall be responsible for their own attorney fees on appeal.

Because we find that respondent's arguments lack merit, we affirm the award of custody of both Tina and Tony to petitioner and deny respondent's request for a new trial and for an enlargement of findings.

AFFIRMED.