In re the MARRIAGE OF Marie Eloise MILLER and Franklin William Miller, Sr.

Upon the Petition of Marie Eloise Miller, Petitioner–Appellant,

And Concerning Franklin William Miller, Sr., Respondent–Appellee.

No. 93–1450.

Court of Appeals of Iowa.

Sept. 16, 1994.

Stuart G. Hoover of Bauer & Heckmann, P.C., Dubuque, for appellant.

Chad C. Leitch of O'Connor & Thomas, P.C., Dubuque, for appellee.

Considered by HAYDEN, P.J., and HABHAB and CADY, JJ.

HABHAB, Judge.

Franklin and Marie Miller were married on June 15, 1963. Neither brought significant property into the marriage. They had six children, only one of whom, Marie Melanie, born in 1976, was a minor at the time of trial. Franklin was fifty-one years of age at the time of trial and Marie was forty-eight.

Marie is a high school graduate and has worked as an income maintenance worker for the Iowa Department of Human Services for nine years. Marie earns a gross wage of $2,060.62 per month. Franklin did not complete the tenth grade and does not have his GED. Prior to the marriage, Franklin worked at odd jobs, but at the time of the marriage he became an apprentice iron worker, working at that job for twenty-one years. However, in the mid–1980's, Franklin became debilitated by degenerative osteoarthritis of the spine and fibril myalgia. Having been determined to be totally disabled, Franklin receives social security benefits of $849 per month and $117.16 per month in pension benefits. Marie Melanie receives $430 per month from Franklin's social security disability which continues until she graduates from high school.

Franklin and Marie owned a home at 3066 Central Avenue in Dubuque which was valued at $63,000. The home mortgage was paid off by insurance proceeds received due to Franklin's disability. However, Franklin and Marie took another mortgage on the home to purchase an apartment building at

3103 Jackson Street. The mortgage balance at the time of trial was $16,020.

Marie filed her petition for dissolution on October 30, 1992. Marie and Franklin stipulated to numerous issues pertaining to custody, visitation, child support, asset distribution and debt distribution. Marie was awarded the marital home with equity of $46,980, a $10,000 IPERS pension, a van valued at $5548, and $540 in bank accounts, for a total amount of $63,068. Marie assumed liability for the mortgage on the house. Franklin received a car valued at $125, a pickup valued at $750, bonds in the amount of $4626, coins valued at $450, tools and wood valued at $6700, and the apartment building valued at $22,500, for a total amount of $35,526. To equalize this sum, the district court ordered Marie to execute a promissory note in the sum of $12,700, to be amortized over fifteen years at five percent interest, amounting to monthly payments of $100.44. Marie was further ordered to pay Franklin $125 per month in spousal support. The alimony payments are to be made until the death of either party or until the remarriage of Franklin, whichever occurs first. The district court ordered the social security benefits received by Marie Melanie as satisfaction for future child support. Marie has appealed.

Our review of this matter is de novo. Iowa R.App.P. 4.

I. *Property Distribution.* Marie contends the distribution of property was inequitable due to improper valuations made by the district court. Marie makes two arguments. First, Marie argues the district court erred in failing to value Franklin's pension as an asset for property division purposes. Second, Marie maintains the district court's valuation of the apartment was incorrect. Marie preserved both of these issues for appeal in her Iowa Rules of Civil Procedure 179(b) motion.

■ Marie's pension argument is essentially that since her IPERS pension was included in valuing the marital assets, Franklin's disability pension payments should also be included. We disagree. Pension benefits are treated as marital property in Iowa and are properly subject to equitable distribution.

*In re Marriage of Mott,* 444 N.W.2d 507, 510–11 (Iowa App.1989). Thus, Marie's IPERS pension should be included in valuing the marital assets for property division purposes.

Franklin's disability payments, however, should not be included. In Iowa, veteran's disability payments are not to be considered marital property. *In re Marriage of Howell,* 434 N.W.2d 629, 632 (Iowa 1989). In *Howell,* the court found there to be a difference between a military pension and veteran's disability benefits. "A disability payment to a retired service member injured in the line of duty cannot be considered compensation for past services rendered." *Id.* at 632. The court found military disability payments could be considered in alimony and support matters, but could not be considered marital property. *Id.*

Although military disability payments are not involved in this case, the analysis of *Howell* still applies. We find Franklin's disability payments should be treated in the same manner as veteran's disability payments. Such payments will not be considered marital property, but will be considered in the equitable granting of alimony or support.

■ Marie's second assertion is the district court erred in valuing the apartment building. Marie contends the court failed to consider the value of the materials purchased since 1987 which had not been installed in the property at the time of the hearing. Both parties agree that the district court used the appraisal value of $22,500 in valuing the apartment building. The district court used this value because it was the value arrived at by the appraiser. The appraiser noted the property was appraised in an as/is condition with all the materials located at the property to remain with the property. We find the value placed on the apartment by the trial court to be well within the permissible range of evidence and we will not disturb it on appeal. *See In re Marriage of Bare,* 203 N.W.2d 551, 554 (Iowa 1973); *In re Marriage of Griffin,* 356 N.W.2d 606, 608 (Iowa App.1984).

445

II. *Alimony.* Marie argues the amount of alimony awarded to Franklin was inequitable. Marie also argues that permanent alimony was inappropriate in this case.

 When determining the appropriateness of alimony, the court must consider "(1) the earning capacity of each party, and (2) present standards of living and ability to pay balanced against relative needs of the other." *In re Marriage of Estlund,* 344 N.W.2d 276, 281 (Iowa App.1983) (citation omitted). Alimony is an allowance to the former spouse in lieu of a legal obligation to support that person. *See In re Marriage of Hitchcock,* 309 N.W.2d 432, 437 (Iowa 1981). Alimony is not an absolute right; an award depends upon the circumstances of each particular case. *In re Marriage of Fleener,* 247 N.W.2d 219, 220 (Iowa 1976). The discretionary award of alimony is made after considering those factors listed in Iowa Code section 598.21(3). *See In re Marriage of Hayne,* 334 N.W.2d 347 (Iowa App.1983).

 Franklin was fifty-one years old at the time of the dissolution of the thirty-year marriage. Franklin did not graduate from high school, nor does he have a G.E.D. Franklin is totally disabled by degenerative osteoarthritis of the spine and fibrocytis/fibral myalgia of the tendons and nerves. We find the alimony awarded by the district court to be equitable with the following modification. Marie's obligation to make alimony payments shall terminate at such time as she takes social security benefits.

 III. *Attorney fees.* Franklin requests attorney fees for the trial. Iowa trial courts have considerable discretion in awarding attorney fees. *In re Marriage of Giles,* 338 N.W.2d 544, 546 (Iowa App.1983). To overturn an award the complaining party must show that the trial court abused its discretion. *Id.* The district court followed Franklin's suggestion in his statement of affairs and made each party liable for their own fees. We will not disturb this decision on appeal.

 Franklin also requests appellate attorney fees on appeal. An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' finan-

cial positions. *In re Marriage of Kern,* 408 N.W.2d 387, 390 (Iowa App.1987). We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *In re Marriage of Castle,* 312 N.W.2d 147, 150 (Iowa App.1981). We order Marie to pay $500 toward Franklin's appellate attorney fees.

Except as herein modified, we affirm the decision of the district court. Costs of this appeal are assessed one-half to each party.

**AFFIRMED AS MODIFIED.**