**In re the MARRIAGE OF Charles Hayden WILSON and Janis Fay Wilson.**

**Upon the Petition of**

**Charles Hayden Wilson, Appellant,**

**and**

**Janis Fay WILSON, Appellee.**

**No. 94–660.**

Court of Appeals of Iowa.

March 30, 1995.

Robert L. Stuyvesant of Stuyvesant & Benton, Carlisle, for appellant.

John J. Sciezinski, Des Moines, for appellee.

Heard by DONIELSON, C.J., and HABHAB and CADY, JJ.

CADY, Judge.

This is an appeal by Charles Wilson from a decree for dissolution of marriage. The single issue is whether the district court erred in designating Janis Wilson to be the primary caretaker of the parties two children. We affirm on our de novo review.

Charles and Janis Wilson were married in 1984. They had two children: Charles Hayden, born August 28, 1987; and John Russell, born January 10, 1989. Charles was previously married, but had no children from the marriage. Janis was married twice prior to her marriage to Charles, and had two children from her second marriage. Her former husband was awarded custody of the children in a Colorado decree.

Charles was forty-three years old at the time of trial. Janis was thirty-nine. Charles was a life-long resident of Carlisle, and had been employed for eighteen years as a fork lift operator for Associated Grocers of Iowa. Janis lived in Des Moines and was a long-term employee at Younkers. Charles and Janis separated in August 1993.

Charles and Janis were awarded split custody of the children during the pendency of the dissolution action. Prior to the separation Janis was the primary caretaker of the children. Charles followed rather rigid, ultra-traditional roles during the marriage. Janis cared for the children and performed the household responsibilities. Charles was an avid sportsman.

Janis developed a relationship with another man prior to the separation. She also started to leave the home during the evening hours from time to time. Charles became suspicious, and confronted her on one occasion at a restaurant. As a result of the incident, Charles was convicted of domestic abuse.

A court-ordered home study recommended Janis be granted physical custody of the children. The district court did not place

great emphasis on the report because it did not include information on Janis' prior marital and maternal history. A home study completed in connection with Janis' divorce in Colorado indicated her parenting lacked "child-centerdness."

The trial court granted physical custody of the children to Janis. It acknowledged it was done "with hesitation." The court found Charles was stable and had been a suitable caretaker of the children, especially since the separation. Charles also had support from family members in the community. The Court observed that Janis, at times, placed her own needs before the children's, and was rather unstable in her personal relationships. It found, however, that Janis had been an exemplary caretaker of the children, with little criticism from Charles until the marriage deteriorated. Charles has not been completely supportive of Janis in her parenting role since the separation.

■ Our review is de novo. Iowa R.App.P. 4. We are not bound by the district court's findings, but we do give them deference considering its opportunity to view, firsthand, the demeanor of the witnesses when testifying. *In re Marriage of Brown,* 487 N.W.2d 331, 332 (Iowa 1992).

■ Our first and governing consideration in child custody cases is the best interests of the child. The factors to consider in awarding custody are found in our statutes, as well as prior cases. *See* Iowa Code § 598.41(3) (1993); *In re Marriage of Weidner,* 338 N.W.2d 351, 355–56 (Iowa 1983). These factors essentially bear on what will be in the long-term best interest of the child. *In re Marriage of Vrban,* 359 N.W.2d 420, 424 (Iowa 1984). The critical issue is which parent will do better in raising the child. *In re Marriage of Ullerich,* 367 N.W.2d 297, 299 (Iowa App.1985). Neither party has a greater burden than the other in attempting to gain custody. *Id.*

■ The parent who has been the primary caretaker of the children during the marriage will not necessarily be designated the primary caretaker at the time of a divorce. *In re Marriage of Fennell,* 485 N.W.2d 863, 865 (Iowa App.1992). The role of primary caretaker is, however, critical in the development of children, and careful consideration is given in custody disputes to allowing children to remain with the parent who has been the primary caregiver. *Id.*

■ The increased participation by Charles in the lives of the children since the separation does not diminish Janis' role of primary caretaker since birth. It is appropriate to recognize her role in determining custody. It was comprehensive, and appropriately performed.

■ We do not place great emphasis on Janis' relationship with another man during the later part of the marriage. Although "moral misconduct" is a consideration in custody determinations, it is only one factor. *In re Marriage of Horning,* 480 N.W.2d 91, 93 (Iowa 1991). Janis may have stayed out late at night on occasions shortly before the separation without Charles knowing how to contact her, but the children were never placed in danger by her activities. *See In re Marriage of Grandinetti,* 342 N.W.2d 876, 879 (Iowa App.1983).

■ There is other evidence in this case both favorable and unfavorable to the parties. The home studies are a consideration, but certainly not controlling. *See In re Marriage of Dawson,* 214 N.W.2d 131, 133 (Iowa 1974). Evidence of domestic abuse is also a factor. *See In re Marriage of Brainard,* 523 N.W.2d 611, 614–15 (Iowa App.1994).

Charles claims the trial court actually resurrected the outdated tender years doctrine in awarding Janis physical care of the children. We find no basis in the record to support such a claim. To the contrary, we find, like the trial court, the children's best interests will be served by awarding primary care to Janis. The decision is derived from all the facts and circumstances, not a presumption favoring any party.

■ We acknowledge the decision is close. The trial court made the same disclosure. Charles asserts this helps support his claim for physical care on appeal. We disagree. The difficulty of the decision is not a factor in a custody dispute. It simply illustrates the important and often arduous task

of judging. Mindful of this, we frequently give careful consideration in custody disputes to the findings of the trial court. *See In re Marriage of McDowell,* 244 N.W.2d 238, 239 (Iowa 1976).

**AFFIRMED.**