In re the MARRIAGE OF Timothy Dale ROBERTS and Melissa Marie Mosley–Roberts.

Upon the Petition of

Timothy Dale Roberts, Petitioner–Appellant/Cross–Appellee,

And Concerning

Melissa Marie Mosley–Roberts, Respondent–Appellee/Cross–Appellant.

No. 95–23.

Court of Appeals of Iowa.

Feb. 2, 1996.

Michael G. Dieterich of Cahill, Dieterich & Schilling, Burlington, for appellant.

Lori L. Klockau and Daniel L. Bray, Iowa City, for appellee.

Heard by SACKETT, P.J., and HABHAB and HUITINK, JJ.

HABHAB, Judge.

Timothy (Tim) and Melissa (Lisa) Roberts were married on June 1, 1985. They have three sons: Nathaniel, born September 23, 1987; Matthew, born May 11, 1990; and Jacob, born April 13, 1992.

Tim is an attorney in private practice in Burlington and has always been the primary wage-earner for the Roberts family. Lisa by choice has not worked full-time outside the home since 1987. She has, however, been the children's primary caretaker, has been extensively involved with athletic, fitness, charitable and community activities, and not only has a degree in journalism and mass communications from Iowa State University, but she also obtained a Masters in Business Administration (M.B.A.) during the marriage. Tim filed a petition for dissolution of marriage on August 18, 1993. The decree dissolving this marriage was filed on the 6th day of January, 1995.

The district court valued the marital property. The court awarded Tim assets and liabilities with a net value of $170,516.44. Lisa was awarded assets and liabilities with a net value of $26,590. To equalize the division of property, Tim was ordered to execute a Qualified Domestic Relations Order to pay Lisa $71,960. The district court doubted Lisa would be able to find employment in the near future which would allow her to continue to enjoy the parties' present standard of living, so she was awarded monthly alimony payments of $1000. Tim was ordered to pay this alimony for a period of two years.

The court averaged Tim's income for 1991, 1992, and 1993, and concluded his gross annual income was $105,000. The court found Lisa's actual monthly income ($1,000 alimony) and imputed monthly income (minimum wage or $805 per month) was equivalent to an annual gross income of $21,660. Tim was ordered to pay child support in the amount of $1244.96 per month.

The court noted at the time of trial the parties' liabilities included attorney fees for Lisa of $26,387 and attorney fees for Tim of $12,500. Tim was ordered to pay $5,000 toward Lisa's attorney fees. Both parties were to be responsible for their own expert witness fees and deposition costs.

Tim appeals and Lisa cross-appeals. We affirm as modified.

Our review of this case is de novo. Iowa R.App.P. 4.

**I. Primary Physical Care.** On appeal, Tim argues the district court erred in not awarding divided physical care. In the alternative, Tim contends the district court erred in failing to award him sole primary physical care.

In child custody cases, the best interests of the child is the first and governing consideration. The factors the court considers in awarding custody are enumerated in Iowa Code section 598.41(3), in *In re Marriage of Weidner*, 338 N.W.2d 351, 355–56 (Iowa 1983), and in *In re Marriage of Winter*, 223 N.W.2d 165, 166–67 (Iowa 1974). All factors bear on the "first and governing consideration"—the court's determination of what will be in the long-term best interests of the child. *In re Marriage of Vrban*, 359 N.W.2d 420, 424 (Iowa 1984). The critical issue in determining the best interests of the child is which parent will do better in raising the child; gender is irrelevant, and neither parent should have a greater burden than the other in attempting to gain custody in a dissolution proceeding. *In re Marriage of Ullerich*, 367 N.W.2d 297, 299 (Iowa App. 1985).

Iowa courts have repeatedly stated divided physical care is strongly disfavored, except in the most unusual circumstances. *In re Marriage of Burham*, 283 N.W.2d 269, 272 (Iowa 1979); *In re Marriage of Brainard*, 523 N.W.2d 611, 615 (Iowa App.1994); *In re Marriage of Coulter*, 502 N.W.2d 168, 171 (Iowa App.1993); *In re Marriage of McElroy*, 475 N.W.2d 221, 223 (Iowa App. 1991); *In re Marriage of Westcott*, 471 N.W.2d 73, 75 (Iowa App.1991); *In re Mar-*

riage of Davis, 447 N.W.2d 571, 573 (Iowa App.1989); *In re Marriage of Muell*, 408 N.W.2d 774, 776 (Iowa App.1987). The reasons stated for this disfavor include (1) it is destructive of discipline; (2) it tends to induce in a child a feeling that the child does not belong to either parent; and (3) it deprives a child of a sense of stability. *Burham*, 283 N.W.2d at 272. We find "the most unusual circumstances" do not exist in this case. We affirm the district court's decision not to award divided physical care.

■■■ We further find, while both parents appear capable of adequately caring for the children, the district court properly gave primary physical care of the children to Lisa.[1] Although certainly not controlling, due consideration should be given to the fact Lisa has been the historical primary care giver during the marriage. *See In re Marriage of Fennell*, 485 N.W.2d 863, 865 (Iowa App. 1992). However, in the end we determine this to be a close case, for both parents love their children very much and each is capable of providing for their long-range best interests. In situations such as this, we note the district court had the parties before it and was able to observe and evaluate the parties as custodians. *See In re Marriage of Engler*, 503 N.W.2d 623, 625 (Iowa App.1993). From our de novo review of the record, we agree with the trial court and affirm its decision to award primary physical care of the children to Lisa.

**II.** *Alimony.* Tim contends the district court erred in awarding Lisa $1000 in monthly alimony for a period of two years. Tim argues no alimony should have been awarded.

■■■ Alimony is not an absolute right; an award depends upon the circumstances of each particular case. *In re Marriage of*

*Fleener*, 247 N.W.2d 219, 220 (Iowa 1976). The discretionary award of alimony is made after considering those factors listed in Iowa Code section 598.21(3). *See In re Marriage of Hayne*, 334 N.W.2d 347, 350 (Iowa App. 1983).

■■■ Lisa and Tim's marriage lasted nine years. Even though she has a degree in journalism and mass communications and earned an M.B.A. during the marriage, Lisa has not had full time employment outside the home since 1987. Rehabilitative alimony has been found to be appropriate when the spouse has been out of the job market for a period of time. *In re Marriage of Francis*, 442 N.W.2d 59, 66 (Iowa 1989) (spouse had a master's degree, but had been out of the job market for six years). We believe the district court's award of alimony was appropriate under the circumstances. We affirm this issue.

**III.** *Child Support.* Tim contends the district court erred in calculating his child support obligation. Specifically, he argues the district court's calculation of his net monthly income was high, the calculation of Lisa's net monthly income was low, and the resulting calculation of the obligation was incorrect.[2]

■■■ When income is subject to fluctuation, an average income over a reasonable period of time should be used. *In re Marriage of Powell*, 474 N.W.2d 531, 534 (Iowa 1991). The child support award may be based upon the party's earning capacity, as opposed to his or her actual earnings. *In re Marriage of Drury*, 475 N.W.2d 668, 672 (Iowa App.1991).

We find the district court's calculations regarding Tim's gross monthly income to be appropriate and use it for our calculations.

1. Lisa argues at great length regarding Tim's alleged sexual addiction and an affair he had. While moral misconduct is a factor to be accorded weight in a child custody determination, it has been weighed most heavily only in those cases where the misconduct occurred in the presence of the children. *In re Marriage of Grandinetti*, 342 N.W.2d 876, 879 (Iowa App.1983). We are unable to find, from the record before us, that such misconduct occurred in the presence of the children.

2. Since the amount of child support has been appealed, we must recalculate the child support obligation according to the new child support guidelines which became effective July 1, 1995. The new guidelines "shall apply to cases pending on the effective date." We interpret this language by the supreme court in the new guidelines to mean the guidelines are to be applied to all cases pending on July 1, 1995, including those on appeal.

Utilizing the 1995 Iowa Support Masters worksheet, and taking into consideration the fact Tim will be required to make alimony payments of $1000 per month, medical insurance of $184 per month, mandatory monthly pension payments of $766.83, and is entitled to a deduction of $25 per month for the court-ordered requirement he pay eighty percent of all medical support expenses not covered by insurance, we determine, after also deducting federal and state income tax liability along with social security and medicare tax liability, that his net monthly income for the computation of child support is $4213.83.

The calculations regarding Lisa's income must be modified. The district court arrived at Lisa's net monthly income by adding the alimony payments she would receive under the decree to an income based upon minimum wage and two exemptions. In Lisa's testimony, she admitted she believed her earning potential was between $25,000 and $30,000. We conclude a more accurate calculation of Lisa's gross monthly income, including the alimony payments, equals $3083.33 ($25,000 plus $12,000 divided by twelve), with a net monthly income after deducting federal and state income tax liabilities and social security and medicare liabilities, of $2313.18. Using the present day child support guidelines, we modify the monthly child support amount Tim is to pay to $1352.64. Except for this modification, the other terms and provisions of the trial court's decree are affirmed.

**IV. *Property Distribution.*** Tim contends the district court erred in awarding Lisa $71,900 pursuant to a Qualified Domestic Relations Order (QDRO). Tim argues the award through the use of a QDRO was proper, but the district court erred in the amount of the award. Tim contends the district court erred in failing to consider (1) various offsets; (2) tax implications; (3) various payments made by Tim after the separation; (4) alleged economic misconduct by Lisa; and (5) economic contributions made to restore a piano.

The partners to a marriage are entitled to a just and equitable share of the property accumulated through their joint ef-

forts. *In re Marriage of Russell,* 473 N.W.2d 244, 246 (Iowa App.1991). Iowa courts do not require an equal division or percentage distribution. *Id.* The determining factor is what is fair and equitable in each circumstance. *Id.* The distribution of the property should be made in consideration of the criteria codified in Iowa Code section 598.21(1) (1993). *In re Marriage of Estlund,* 344 N.W.2d 276, 280 (Iowa App.1983). Given the circumstances of this case, we find the district court made an equitable distribution of the marital property. We decline to disturb it on appeal.

Lisa contends the district court erred in valuing the parties' real estate, including the homestead and adjoining farmland. Lisa argues the district court further erred in not ordering all of the real estate sold. We find the value placed on the real estate by the trial court to be well within the permissible range of evidence and will not disturb them on appeal. *See In re Marriage of Bare,* 203 N.W.2d 551, 554 (Iowa 1973); *In re Marriage of Griffin,* 356 N.W.2d 606, 608 (Iowa App.1984). We further find the treatment of the real estate by the district court in the property distribution was equitable. We decline to disturb it on appeal.

**V. *Medical Expenses.*** Tim contends the district court erred in requiring Tim to pay eighty percent of the children's noncovered medical support expenses. Given the parties' current earning capacities and current employment situations, we affirm the judgment of the district court on this issue.

**VI. *Attorney Fees.*** Lisa contends Tim should be ordered to pay trial attorney fees in addition to the $5000 he has already been ordered to pay. Iowa trial courts have considerable discretion in awarding attorney fees. *In re Marriage of Miller,* 524 N.W.2d 442, 445 (Iowa App.1994). To overturn an award, the complaining party must show that the trial court abused its discretion. *Id.* We find no abuse of discretion in the award of trial attorney fees. Accordingly, we affirm the decision of the district court.

Lisa also requests appellate attorney fees on appeal. An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *In re Marriage of Gilliam,* 525 N.W.2d 436, 439 (Iowa App.1994). We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *Miller,* 524 N.W.2d at 445. We allow Lisa $1000 towards her request for appellate attorney fees.

We have carefully considered all issues raised by Tim on his appeal and Lisa on her cross-appeal and, except for the modification as to the amount of child support, we affirm the trial court.

**AFFIRMED AS MODIFIED.**