**IN THE COURT OF APPEALS OF IOWA**

No. 3-1015 / 13-0369
Filed February 5, 2014

**IN RE THE MARRIAGE OF ROBERT M. HINNEN
AND JILL M. HINNEN**

**Upon the Petition of
ROBERT M. HINNEN,**
Petitioner-Appellee,

**And Concerning
JILL M. HINNEN,**
Respondent-Appellant.

_____

Appeal from the Iowa District Court for Des Moines County, John M.

Wright, Judge.


Jill Hinnen appeals the district court ruling dismissing her application for

order to show cause. **AFFIRMED.**


William R. Jahn Jr. of Aspelmeier, Fisch, Power, Engberg & Helling,

P.L.C., Burlington, for appellant.

Robert J. Engler of Robberts & Kirkman, L.L.L.P., Burlington, for appellee.


Considered by Doyle, P.J., and Tabor and Bower, JJ.

**BOWER, J.**

Jill Hinnen appeals the district court ruling dismissing her application for order to show cause. Jill contends the district court erred in failing to find Robert Hinnen willfully violated the dissolution decree and abused its discretion in failing to impose sanctions. We find the district court did not abuse its discretion in dismissing the application. We affirm.

**I.      Background Facts and Proceedings**

A final judgment and decree of dissolution of marriage was entered between the parties on January 19, 2006. The decree required Robert to pay for the undergraduate education of their three children for a maximum of four years or until each child reached the age of twenty-three, whichever comes first. The decree further required Robert to make the tuition "payments directly to the child, or the college, or both, but not to Jill." In years during which Robert made the payments, he was allowed to claim the child as a dependent for income tax purposes. Jill was required to provide Robert with the necessary tax forms each year to allow him to make the claim.

Robert paid for the youngest child's freshman and sophomore year of college at a private university in Indiana, as required by the decree.[1] He did so by setting up a parent payment plan with the university that allowed him to make periodic payments during the semester.[2] Prior to the child's junior year, in the fall of 2010, Robert informed Jill he would not be paying that year's tuition. Jill paid

---

[1] The decree required Robert to pay for the child's education up to the cost of a state public school or the University of Iowa.
[2] At this time, Robert was also paying for the undergraduate education of another child at a private university in Illinois.

the tuition for the fall semester so the child could continue attending classes. Robert filed for Chapter 13 bankruptcy protection in 2010, and Jill filed a claim for the amount of the fall 2010 tuition. Jill was repaid through the bankruptcy trustee.

Robert is a family physician who estimates his yearly income to be approximately $205,000. The majority of Robert's income is derived through quarterly draws from his office; however he does receive small biweekly payments. Robert pays $2400 a month in debt payments for his bankruptcy and an additional $3000 a month to Jill in alimony.

Jill continued to make tuition payments for the spring semester 2011, fall semester 2011, and spring semester 2012. Unable to pay the full tuition bill before classes started, due to the quarterly nature of his compensation, Robert made payments directly to Jill during each semester as he was able.

The present controversy started when Robert attempted to claim the child as a dependent on his 2011 tax return and learned Jill had already done so. As a result, Robert filed an application for order to show cause. The application was voluntarily dismissed after Jill amended her return to remove the child as a dependent. After Robert claimed the child on his income tax return, Jill filed this application for order to show cause. She claimed Robert had willfully failed to meet his financial obligation and improperly claimed the child as a dependent.[3]

---

[3] The decree required Jill to deliver a tax form to Robert by February 15 each year allowing him to claim the child on his income tax return. Robert contends he paid or reimbursed Jill the amount of $15,000 by January 14, 2012, which triggered Jill's requirement to deliver the tax form to him by February 15, 2012. Jill filed her income taxes, claiming the child as a dependent, on February 13, 2012. Robert claims this

The district court dismissed the application, finding Jill had failed to prove Robert had willfully violated the decree.

## II.    Standard of Review

As our supreme court has recognized, we employ a unique standard of review in contempt proceedings. *In re Marriage of Swan*, 526 N.W.2d 320, 326 (Iowa 1995). When there has been a finding of contempt, we review the factual findings on a substantial evidence standard and the district court's conclusions for errors of law. *Id.* When the statute provides the trial court with some discretion and the court decides not to hold the party in contempt, we review for an abuse of discretion. *Id.*

## III.    Discussion

### A. Contempt

Jill's application asked the district court to hold Robert in contempt due to his decision to claim the child as a dependent despite his failure to pay the child's tuition bill pursuant to the terms of the decree. A party may be punished for contempt when the district court finds the party has willfully disobeyed the decree. Iowa Code § 598.23(1) (2011). The proceeding is primarily punitive in nature. *Swan*, 526 N.W.2d at 327. The willful nature of the conduct is shown by proving the actions were "intentional and deliberate with a bad or evil purpose, or wanton and in disregard of the rights of others, or contrary to a known duty, or unauthorized, coupled with an unconcern whether the contemner had the right or not." *Ervin v. Iowa Dist. Ct.*, 495 N.W.2d 742, 744 (Iowa 1993). A failure to

establishes Jill as the party who has violated the decree. This course of events led to Robert filing the original application for order to show cause.

comply with the decree is not willful where the order was indefinite or the individual was unable to perform as ordered. *Christensen v. Iowa Dist. Ct.*, 578 N.W.2d 675, 678 (Iowa 1998).

The district court found Robert attempted to pay his obligation and believed he had done so in accordance with the decree. The decree required Robert to make payments to the child or the school, but in no case was he permitted to make the payments directly to Jill. The evidence is clear Robert did not comply with the decree on this point. The tuition payments were often made to Jill as expressly prohibited by the decree; however, violation of this provision was not a part of Jill's contempt action, nor was the fact Robert failed to set up a parent payment plan with the university.

The district court has broad discretion to consider all circumstances surrounding Robert's actions in determining whether a contempt finding should be entered and sanctions imposed. *Swan*, 526 N.W.2d at 327. We find the district court did not abuse its discretion in finding Jill had not proven, beyond a reasonable doubt, that Robert acted willfully. His bankruptcy and financial status, including the quarterly nature of his compensation, made it difficult for him to pay as ordered. We further find Robert was operating under a reasonable belief he had complied with the decree when he attempted to claim the child as a dependent. Considering the circumstances surrounding Robert's actions, we find the district court did not abuse its discretion in declining to find Robert in contempt.

**B.  Attorney Fees**

Both parties request an award of appellate attorney fees.  Attorney fees are not allowable as a matter of right, but lie within our discretion.  *In re Marriage of Miller*, 524 N.W.2d 442, 445 (Iowa 1994).  In determining whether to award attorney fees, we consider the financial conditions of both parties and their relative abilities to pay.  *Id.*  We deny the parties' individual requests for attorney fees.

**AFFIRMED.**