# IN THE COURT OF APPEALS OF IOWA

No. 25-0155
Filed October 1, 2025

IN RE THE MARRIAGE OF KATHERINE GARCIA
AND ALEJANDRO GARCIA

Upon the Petition of
KATHERINE GARCIA,
          Petitioner-Appellee,

And Concerning
ALEJANDRO GARCIA,
          Respondent-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Tamara Roberts, Judge.

A father appeals the district court's order granting the mother physical care of the parties' two minor children. **AFFIRMED.**

Maria K. Pauly of Maria K. Pauly Law Firm, P.C., Davenport, for appellant.

Kristina Lyon (until withdrawal), Bettendorf, for appellee.

Katherine Garcia, Tiffin, self-represented appellee.

Considered without oral argument by Schumacher, P.J., and Buller and Sandy, JJ.

**SANDY, Judge.**

Alejandro Garcia appeals the district court's order awarding physical care of his two minor daughters to their mother, Katherine Garcia. On appeal, Alejandro contends that the district court erred by not granting his request to award joint physical care of the parents' two youngest daughters, or alternatively, awarding him physical care. Additionally, Alejandro argues the district court erred by failing to award him extraordinary visitation with the children. Finally, Alejandro requests appellate attorney fees.

After reviewing the record before us, we affirm the district court's order awarding Katherine physical care of the two youngest daughters, as well as the district court's visitation schedule. We conclude that joint physical care is not in the children's best interests given the distance between parents and that awarding physical care to Alejandro would be too disruptive and destabilizing for the children. Additionally, we affirm the district court's visitation schedule, and we decline to award attorney fees.

## I. Background Facts and Proceedings

Katherine and Alejandro married in 2006. They had three daughters together—M.J.G., born in 2006; N.S.G., born in 2012; and C.S.G., born in 2015. They all lived together in Eldridge, Iowa until Katherine and Alejandro separated in 2023. After their separation, Katherine unilaterally moved with the two youngest children to Tiffin, Iowa, while Alejandro and the eldest daughter remained in Eldridge.

Katherine testified at trial that she moved to Tiffin for her own safety, as Alejandro allegedly evicted, stalked, and harassed her, and she also sought to be

closer to her job. Alejandro argues that Katherine moved with the children to Tiffin in order to be closer to her paramour. The district court found that Katherine was not credible on several issues, exaggerated, and took unnecessary jabs at Alejandro during her testimony. Meanwhile, the district court found that Alejandro was very credible and candid in his testimony.

Despite making these credibility determinations, the district court determined that it would be in the best interest of the children to award Katherine physical care. The district court found that shared physical care was not feasible given the distance between the parties and would place too much of a burden on the children. The district court further determined that because Katherine provided significantly more day-to-day care for the children, there would be less disruption to the youngest girls under her continued care. Finally, the district court decided to keep the youngest girls together due to their close relationship.

## II. Standard of Review

"Dissolution-of-marriage actions are reviewed de novo." *In re Marriage of Towne*, 966 N.W.2d 668, 674 (Iowa 2021). Similarly, "[w]e review physical care determinations de novo." *Randall v. Trier*, 15 N.W.3d 809, 813 (Iowa Ct. App. 2024). Although we are not bound by the district court's findings, we give them weight, especially concerning witness credibility. *Towne*, 966 N.W.2d at 674; Iowa R. App. P. 6.904(3)(g). We are only to disturb the district court's ruling when the ruling fails to do equity. *Towne*, 966 N.W.2d at 674.

### III. Analysis

#### A. Joint Physical Custody

If joint legal custody is awarded to both parents, as in this case, the district court may award joint physical care to both custodial parents upon the request of either parent. Iowa Code § 598.41(5)(a) (2019). Physical care determinations are not resolved based upon the perceived fairness to the spouses involved. *In re Marriage of Hansen*, 733 N.W.2d 683, 695 (Iowa 2007). Rather, our primary consideration focuses on what is in the best interest of the child. *Id*. Ultimately, the objective of a physical-care determination is to put the children in the environment most likely to bring them to physical and mental health, and to social maturity. *Id*. The Iowa Supreme Court has set out a list of non-exclusive factors to be considered in determining whether joint physical care is in the best interest of the child. *Id*. at 697.

We are to consider whether one parent was the primary caregiver, the parents' ability to communicate and show mutual respect, the degree of conflict between the parents, and the degree the parents are in general agreement about their approach to daily matters. *Id*. at 696–99. No single factor is determinative. *Id*. After reviewing the record and considering these factors, we agree with the district court's decision to award physical care of the two minor children to Katherine.

Both parents have had trouble communicating and showing mutual respect to one another. There has been conflict between both parents since the separation. This culminated in Katherine unilaterally moving the two minor children

with her to Tiffin without consulting Alejandro, effectively cutting him off from his daughters.

However, given the testimony and evidence in the record, it seems the children are thriving in Tiffin and moving them back to Eldridge could cause further instability and disruption in their lives. Katherine was the parent who took care of the children on a day-to-day basis. A child's historical primary caregiver is often an important factor to consider in child custody cases. *See In re Marriage of Wilson*, 532 N.W.2d 493, 495 (Iowa Ct. App. 1995) ("The role of the primary caretaker is, however, critical in the development of children, and careful consideration is given in custody disputes to allowing children to remain with the parent who has been the primary caregiver."). The district court found that awarding Alejandro physical care would cause more disruption and instability for the children as it would force them to move again and switch schools, and because he was not the historical primary caregiver. Moreover, there is evidence in the record showing that C.S.G's academic performance has significantly improved since moving schools.

The complicating aspect of this case is that Katherine unilaterally moved the two minor children with her to Tiffin. *See Dale v. Pearson*, 555 N.W.2d 243, 246 (Iowa 1982) (noting relocation by one parent resulting in limiting access by one parent to the children without good and compelling reasons is a significant factor impacting the welfare of the children). Although we feel reluctant to seemingly reward Katherine and give her physical care of the children considering her unilateral action—perceived fairness to the spouses is not our concern.

*Hansen*, 733 N.W.2d at 695. Instead, our concern is what is in the best interests of the children.

The district court noted the difficult decision it had to make regarding joint physical care, and we agree that it is a difficult decision. It is apparent the district court struggled with the difficult position it was put in. And although we do not have the opportunity to directly hear and see witness testimony, the record before us does show two parents who truly have strong and loving relationships with their children. We take the district court's credibility determinations seriously and give great deference to it because the district court had a front-row seat to the live testimony, whereas we are limited to a cold record. *Higdon v. Rana*, 14 N.W.3d 384 (Iowa Ct. App. 2024). However, the district court ultimately concluded the best interests of the children are served by maintaining the status quo of their living arrangement. We decline to disturb the court's finding.

### B. Visitation

In the alternative, Allejandro argues that in the event we do not award him physical care or award the parties joint physical care, he should be awarded extraordinary visitation. He appears to argue that he should have been given a mid-week visitation and that he should have been given make-up visitation, although he does not specify what such make-up visitation would encompass. In determining the appropriate amount of visitation, we are guided by the principle a court should order such visitation as will ensure a child the opportunity for maximum continuing physical and emotional contact with the noncustodial parent. *See* Iowa Code § 598.41(1) (2025). A child should be assured the opportunity for the maximum continuing physical and emotional contact with *both* parents. *In re*

*Marriage of Ruden*, 509 N.W.2d 494, 496 (Iowa Ct. App. 1993) (emphasis in original); *Turner v. Mull*, No. 01-0840, 2002 WL 575619, at *2 (Iowa Ct. App. Feb. 20, 2002). And in establishing visitation rights, our court's governing consideration is the best interests of children, and generally, liberal visitation rights are in children's best interest. *In re Marriage of Stepp*, 485 N.W.2d 846 (Iowa Ct. App. 1992). Upon our careful review, given the distance between the parents, and application of the guiding precedent, we decline to disturb the district court's visitation schedule.[1]

## C. Attorney Fees

We have discretion to award appellate attorney fees, as they are not a matter of right. *In re Marriage of McDermott*, 827 N.W.2d 671, 687 (Iowa 2013). When deciding whether to award appellate attorney fees, we consider the relative merits of the appeal, the needs of the party seeking fees, and the ability of the other party to pay. *Id*. After considering these factors, we decline to award Alejandro his requested attorney fees.

## IV. Conclusion

We conclude that joint physical care is not in the children's best interests and affirm the district court's decision to award Katherine physical care of the two youngest children. We also find the district court's visitation schedule to be appropriate, and no appellate attorney fees are to be awarded.

**AFFIRMED.**

---

[1] We are not considering the mother's arguments that the visitation schedule should be modified, as she did not cross-appeal.